UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL ANGEL CRUZ-RIVERA, #768420,

    Petitioner,

v.

CASE NO. 2:16-CV-13993
HON. DENISE PAGE HOOD

CARMEN PALMER,

    Respondent.

_____/

**OPINION AND ORDER DISMISSING THE HABEAS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**    **Introduction**

Michigan prisoner Miguel Angel Cruz-Rivera ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first-degree murder and felony firearm following a jury trial in the Wayne County Circuit Court and sentenced to consecutive terms of life imprisonment without parole and two years imprisonment in 2010. In his petition, he raises claims concerning the trial court's denial of a request to view the crime scene, the trial court's denial of the jury's request for transcripts, the composition of the jury, the jury instructions, and the effectiveness of trial and appellate counsel.

Upon conducting an initial review of the petition, the Court ordered Petitioner to show cause why his petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. Petitioner filed a timely response to the Court's show cause order asserting that the one-year period should be equitably tolled because he is a Spanish speaker who does not understand the English language and he had difficulty obtaining legal assistance or help from other prisoners. Having further reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.   Procedural History

Petitioner was convicted and sentenced in 2010. Following sentencing, he filed an appeal of right with the Michigan Court of Appeals raising claims concerning the effectiveness of trial counsel relative to the trial court's denial of a request to view the crime scene and the trial court's denial of the jury's request for transcripts. The court denied relief on those claims and affirmed his convictions. *People v. Cruz-Rivera*, No. 298786, 2011 WL 6186835 (Mich. Ct. App. Dec. 13, 2011) (unpublished). Petitioner filed an application for leave

to appeal with the Michigan Supreme Court, which was denied. *People v. Cruz-Rivera*, 493 Mich. 879, 821 N.W.2d 783 (Oct. 31, 2012).

On October 30, 2013, Petitioner filed a motion for relief from judgment with the state trial court raising claims concerning the composition of the jury, the jury instructions, and the effectiveness of trial and appellate counsel. *See* Petition, p. 4. The trial court denied the motion on April 30, 2014. *See* Register of Actions, *People v. Cruz-Rivera*, Case No. 09-029738-01-FC (Wayne Co. Cir. Ct.). Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied pursuant to Michigan Court Rule 6.508(D)(3)(a) and (b). *People v. Cruz-Rivera*, No. 324335 (Mich. Ct. App. Dec. 19, 2014) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Cruz-Rivera*, 498 Mich. 919, 871 N.W.2d 171 (Nov. 24, 2015).

Petitioner dated his federal habeas petition on October 25, 2016 and it was filed by the Court on November 10, 2016. The Court issued its show cause order on December 29, 2016. Petitioner dated his reply on January 9, 2017 and it was filed by the Court on January 17, 2017.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

codified at 28 U.S.C. § 2241 *et seq.*, includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th

Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions and sentences became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on October 31, 2012. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about January 29, 2013. Accordingly, Petitioner was required to file his federal habeas petition by January 29, 2014, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on October 30, 2013. At that point, approximately nine months (274 days) of the one-year period had expired. Petitioner's motion and related

appeals remained pending in the state courts, thereby tolling the one-year period, see 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002), until November 24, 2015. Petitioner then had about three months (91 days), until February 23, 2016, to file his federal habeas petition. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner, however, did not date his federal habeas petition until October 25, 2016 – more than eight months after the one-year period had expired.

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*

at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that he is entitled to equitable tolling of the one-year period because he is a Spanish speaker who does not understand English and he had difficulty obtaining legal assistance or help from other prisoners. The mere fact that Petitioner is a Spanish speaker who does not understand English is insufficient to warrant tolling of the one-year period. As the United States Court of Appeals for the Sixth Circuit has explained, "An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *see also Torres v. Willis*, 416 F. App'x 480, 482 (6th Cir. 2011) (citing *Cobas*). "Were this Court to allow equitable tolling because of asserted

at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that he is entitled to equitable tolling of the one-year period because he is a Spanish speaker who does not understand English and he had difficulty obtaining legal assistance or help from other prisoners. The mere fact that Petitioner is a Spanish speaker who does not understand English is insufficient to warrant tolling of the one-year period. As the United States Court of Appeals for the Sixth Circuit has explained, "An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *see also Torres v. Willis*, 416 F. App'x 480, 482 (6th Cir. 2011) (citing *Cobas*). "Were this Court to allow equitable tolling because of asserted

language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking. Such a result is contrary to common sense." *Soto v. Birkett*, No. 5:06-CV-54, 2006 WL 2850578, *7 (W.D. Mich. Oct. 3, 2006) (quoting *Cortez v. Petrovsky*, No. 803 CV1482T30MSS, 2006 WL 289113, *1-2 (M.D. Fla. Feb. 7, 2006).

Petitioner also seems to assert that he is entitled to equitable tolling because the Michigan prisons do not have enough Spanish speaking legal writers to assist Spanish speaking prisoners. Such a circumstance does not justify equitable tolling. *Id.* (citing cases); *see also Nguvyen v. Golder*, 133 F. App'x 521, 523-24 (10th Cir. 2005) (tolling not warranted due to lack of Vietnamese interpreter); *Cortez*, 2006 WL 289113 at *1-2 (failure to provide Spanish speaking interpreters to non-English speaking inmates in Florida prisons does not warrant equitable tolling); *Fennell v. Artuz*, 14 F. Supp. 2d 374, 377 (S.D. N.Y. 1998) (tolling the statute of limitations for prisoners while they learn English and educate themselves in the law would defeat the limiting purposes of AEDPA).

Petitioner relatedly asserts that he had difficulty obtaining help from a Spanish speaking legal writer and/or other prisoners due to the limited number of Spanish speakers with legal knowledge and the expense of obtaining such

assistance. Petitioner, however, fails to show that such assistance was unavailable to him throughout the one-year period. Rather, the record indicates that he was able to pursue collateral review in the state courts by filing a motion for relief from judgment and related appeals during the running of the one-year period (thereby statutorily tolling the period for some time) despite his inability to speak English. "W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, the lack of proficiency is insufficient to justify equitable tolling of the statute of limitations." *Cobas*, 306 F.3d at 444; *see also Musleh v. Harry*, No. 06-14108, 2008 WL 360644, *4 (E.D. Mich. Feb. 8, 2008) (Lawson, J.) (citing *Cobas* and rejecting similar tolling argument).

Petitioner fails to indicate with any specificity what steps he took to educate himself, to acquire legal materials in Spanish, and/or to obtain assistance from fellow prisoners, prison officials, or outside sources, during the relevant time period. It is well-established that a prisoner must act with due diligence in order to be entitled to equitable tolling. *See Holland*, 560 U.S. at 649; *see also Perez v. Dowling*, 634 F. App'x 639, 645 (10th Cir. 2015) (citing cases and ruling that prisoner was not entitled to equitable tolling due to language barrier where he failed to show diligence); *Aureoles v. Secretary,*

*Dep't of Corr.*, 609 F. App'x 623 (11th Cir. 2015) (prisoner not entitled to equitable tolling due to language barrier where he failed to show what steps he took to educate himself or take action); *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) (equitable tolling rejected where petitioner failed to detail efforts to obtain help from prison and non-prison sources); *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (prisoner who seeks equitable tolling based upon a language barrier must show that he made a diligent effort to acquire legal materials in his own language or to obtain assistance from another prisoner, prison personnel, or another source). Petitioner makes no such showing. He fails to demonstrate that he acted diligently to protect his rights to warrant equitable tolling of the one-year period.

Lastly, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, and/or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas*, 306 F.3d at 444 (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which

firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy

eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. His assertion that his habeas claims have merit does not establish his actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). His own self-serving, conclusory assertion of innocence is insufficient to support an actual innocence claim. A "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

## IV. Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely. Accordingly, the Court **DISMISSES WITH**

**PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

                S/Denise Page Hood
                Denise Page Hood
                Chief Judge, United States District Court

Dated: May 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 19, 2017, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager